IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CV-00669-M

DARRYL C. HARRIS,  )
                   )
    Plaintiff,     )
                   )
v.                 )           ORDER
                   )
PIEDMONT FINANCE CNAC,  )
                   )
    Defendant.     )
                   )

These matters come before the court on Defendant's Motion to Dismiss or Stay and Compel Arbitration [DE 12], Plaintiff's Motion to Compel Production of Documents [DE 16] and Plaintiff's Second Motion to Compel Production of Documents [DE 17]. Plaintiff responded to Defendant's motion, but Defendant filed no reply and filed no response(s) to Plaintiff's motions. For the reasons that follow, Defendant's motion is granted in part and denied in part, and Plaintiff's motions are denied without prejudice.

## I. Background

The following are factual allegations (as opposed to statements of bare legal conclusions, unwarranted deductions of fact, or unreasonable inferences) made by the Plaintiff in the operative Complaint (DE 1), which the court must accept as true at this stage of the proceedings for a Rule 12(b)(6) analysis pursuant to *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Without notifying Plaintiff, the Defendant reported to a credit reporting agency that it repossessed Plaintiff's truck and, when it learned the report was incorrect, Defendant did not promptly notify the credit agency nor take steps to remove the information until Plaintiff threatened Defendant with a lawsuit.

## II. Legal Standards

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

### B. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, embodies the "liberal federal

2

policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and allows parties to agree to arbitrate as an effective and cost-efficient means to resolve disputes. The FAA requires a district court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration" once a party to the arbitration agreement moves the court for a stay. 9 U.S.C. § 3.

> This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)); *see also Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301-02 (2010) (compelling arbitration is appropriate under the FAA only when there is "a judicial conclusion" that there is a validly formed, express agreement to arbitrate).

When faced with a motion to compel arbitration, the court analyzes two "gateway matter[s]." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2006). First, the court must determine "whether the parties are bound by a given arbitration clause." *Id.* at 84; *see also Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999) (court must determine whether "a valid agreement to arbitrate exists between the parties"). Second, if the court concludes there is such an agreement, the court next examines "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Howsam*, 537 U.S. at 84; *see also Phillips*, 173 F.3d at 938 (the court also asks whether "the specific dispute falls within the substantive scope of that agreement.").

The burden lies on the movant to demonstrate, *inter alia*, "a written agreement that includes an arbitration provision which purports to cover the dispute[.]" *Adkins*, 303 F.3d at 500-01 (quotation marks and citation omitted). In examining a motion to compel arbitration, a district

3

court may consider materials outside the pleadings, including the purported written agreement to arbitrate itself, to determine whether the parties agreed to arbitrate. *See Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019). Furthermore, the court "accept[s] as true" the allegations in the complaint that "relate to the underlying dispute between the parties." *Id.* at 233 (citations omitted). If, however, the "'making of the arbitration agreement be in issue,' then 'the court shall proceed summarily to the trial thereof.'" *Id.* at 234 (quoting 9 U.S.C. § 4). The court is "obliged to conduct a trial" only "when a party unequivocally denies 'that an arbitration agreement exists,' and 'show[s] sufficient facts in support thereof,'" under a summary judgment standard. *Id.* (quoting *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015)).

When a "proponent of an arbitration agreement offers credible, admissible evidence to support a finding of an agreement to arbitrate, the opponent cannot rely on mere unawareness of whether it had made an arbitration agreement." *Dillon v. BMO Harris Bank, N.A.*, 173 F. Supp. 3d 258, 264 (M.D.N.C. 2016) (citing *Almacenes Fernandez, S.A. v. Golodetz*, 148 F.2d 625, 628 (2d Cir. 1945)). "In disputed cases, the party opposing arbitration must unequivocally deny that there was an arbitration agreement and produce evidence to substantiate the denial." *Id.* (citing *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 352 n.3 (4th Cir. 2001)). This burden on the opponent arises, however, only after the proponent produces credible, admissible evidence that satisfies the court of the existence of an arbitration agreement. *See id.* (citing 9 U.S.C. § 4).

**III.  Analysis**

Defendant proffers two arguments for dismissal of this case: (1) Plaintiff's claim under the Fair Credit Reporting Act ("FCRA") is barred by the statute of limitations; and (2) Plaintiff's claim is subject to an arbitration provision in the contract governing the sale of Plaintiff's truck. The

4

court will address each challenge in turn.

A.  Statute of Limitations

In his Complaint, the Plaintiff does not identify the sections of the FCRA he claims Defendant violated. Construing the pro se Plaintiff's allegations liberally, the court finds he alleges the following "claims" under the FCRA: (1) Defendant failed to promptly notify a credit reporting agency that the information it provided was inaccurate in violation of 15 U.S.C. § 1681s–2(a)(2); (2) Defendant failed to provide a notice, in writing, to the Plaintiff of furnishing negative information to a credit reporting agency in violation of 15 U.S.C. § 1681s–2(a)(7); and (3) Defendant, upon notice of a dispute, failed to investigate, report, and delete inaccurate information in violation of 15 U.S.C. § 1681s–2(b)(1). However, as set forth in § 1681s-2(c), the "FCRA explicitly bars private suits for violations of § 1681s–2(a), but consumers can still bring private suits for violations of § 1681s–2(b)." *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 149 (4th Cir. 2008); *see also Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012) (noting that "[n]o private cause of action exists pursuant to subsections of FCRA other than subsection (b)"). Therefore, Plaintiff's only possible claim arises under § 1681s-2(b)(1)[1] and, because Defendant raises a single argument with respect to this claim,[2] the court must determine whether the claim is barred by the applicable statute of limitations.

A two-year statute of limitations governs claims arising under § 1681s–2(b). *See Croft*, 166 F. Supp. 3d at 641 (citing 15 U.S.C. § 1681p). Section 1681p provides as follows:

---

[1] Defendant mentions that Plaintiff may have a claim under § 1681i. Memo. at 2, DE 12-1. However, that section applies to credit reporting agencies, not furnishers of information such as the Defendant.

[2] Stating a plausible claim under § 1681s-2(b) requires certain factual allegations that may not be present in this case. *See Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638, 641 (D.S.C. 2016) (citing *Mavilla v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 208 (4th Cir. 2013)). However, as this issue does not implicate the court's jurisdiction, the court finds it may not address the issue *sua sponte*.

5

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p. Defendant argues that the two-year period applies to Plaintiff's FCRA claim in this case "and, consequently, the limitations period begins to run when a party knows or should know, through the exercise of due diligence, that a cause of action might exist." *Id.* (citing *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 260 n.11 (4th Cir. 2007)).

The Complaint is silent with respect to dates or time periods of the alleged conduct in this case. "A defendant's statute of limitations affirmative defense can be raised in a Rule 12(b)(6) motion to dismiss; however, it is seldom appropriate to do so." *Diop v. BMW of N. Am., LLC*, -- F. Supp. 3d --, 2021 WL 51757, at *2 (E.D.N.C. Jan. 6, 2021) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Thus, "a statute of limitations defense must 'clearly appear[ ] on the face of the complaint.'" *Id.* "When the facts necessary to the affirmative defense are not apparent on the face of the complaint, discovery is appropriate." *Id.* (citing *Cruz v. Maypa*, 773 F.3d 138, 146-47 (4th Cir. 2014)). Here, Defendant supplies in its "Background" section of the motion several "facts" that are not included in the Complaint; in so doing, Defendant not only seeks to improperly introduce evidence outside the pleadings for this Rule 12(b)(6) analysis, but also recognizes that the Complaint does not provide the "facts necessary to the affirmative defense." At this early stage of the litigation (at which time discovery apparently has not commenced (*see* DE 22)), the court will not consider this information, nor that proffered by the Plaintiff in opposition. Defendant's motion to dismiss is denied.

6

B.  Compel Arbitration

Defendant also seeks a stay or dismissal and an order compelling arbitration pursuant to a sales contract between Plaintiff and Defendant. Plaintiff does not dispute that the arbitration agreement within the contract exists; rather, he contends that he should not have to abide by a contract "breached" by Defendant when it allegedly falsely promised him the transaction "would build [his] credit."

In this case, no party disputes that Plaintiff and Defendant entered into a valid and binding sales contract titled, Retail Installment Contract and Security Agreement ("Sales Agreement"). *See* DE 9-1 at pp. 1-5. The Sales Agreement contains the following "Arbitration Agreement":

**ARBITRATION AGREEMENT**

**A. Mandatory Arbitration:** Unless otherwise stated in this agreement, any "Dispute" between the Parties shall, at the election of Buyer, Seller or Seller's Assignee ("the Parties"), be resolved by a neutral, binding arbitration, and not by a court of law. This procedure includes any Dispute over the interpretation, scope, or validity of this Contract, the arbitration agreement or the arbitrability of any issue, with the sole exception of the Parties' waiver of any right to bring a class action or to participate in a class action as provided for under paragraph F shall be solely determined by the appropriate court, if necessary. The arbitration agreement applies to the Parties, including their respective employees or agents, as to all matters which arise out of or relate to this Contract or are in any way connected with the purchase and sale or financing of the Vehicle, or any resulting transaction or relationship.

DE 9-1 at 4. The clause proceeds to explain additional terms and waivers and grants the Plaintiff the "right to reject arbitration" within ten calendar days after he signed the Sales Agreement. *See id.* Plaintiff does not assert here that he rejected the Arbitration Agreement at any time after signing the Sales Agreement.

Plaintiff argues that Defendant "stated they were a credit building company, and that if [he] paid [his] payments on time, it would build [his] credit," but the report of a repossession "did just the opposite of what they promised in the contract." Resp., DE 15 at 7. Citing 9 U.S.C. § 2,

7

Plaintiff asserts that Defendant "broke" the contract in this manner, in addition to violating the FCRA, and contends that he "should [not] be forced to honor" the contract. *Id.*; *see also* Resp., DE 18. However, if an arbitration agreement itself is valid, any disputes regarding other terms of the contract are to be resolved by an arbitrator, not the court. *See Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 20–21 (2012) ("when parties commit to arbitrate contractual disputes, it is a mainstay of the Act's substantive law that attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved by the arbitrator in the first instance, not by a federal or state court. For these purposes, an arbitration provision is severable from the remainder of the contract, and its validity is subject to initial court determination; but the validity of the remainder of the contract (if the arbitration provision is valid) is for the arbitrator to decide.") (citations and quotation marks omitted).

By its terms, the FAA's saving clause allows courts to refuse to enforce arbitration agreements only "upon such grounds as exist at law or in equity for the revocation of any contract." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1622, 200 L. Ed. 2d 889 (2018). Thus, the FAA "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The inquiry as to whether an arbitration agreement is invalid is "highly circumscribed," and "the grounds for revocation must relate specifically to the arbitration clause and not just to the contract as a whole." *Mansfield v. Vanderbilt Mortg. & Fin., Inc.*, 29 F. Supp. 3d 645, 653 (E.D.N.C. 2014) (quoting *Phillips*, 173 F.3d at 938).

Here, Plaintiff does not argue that Defendant engaged in fraud or duress in the formation of the Arbitration Agreement, nor does he claim that the agreement is unconscionable either as

8

stated or as applied. Having no other argument nor evidence showing otherwise, the court finds the Arbitration Agreement was properly formed and executed by the parties in this case. Mindful of the strong public policy favoring arbitration when the parties agree to it, the court finds the Defendant has met its burden to show that "a valid agreement to arbitrate exists between the parties."

Defendant must also demonstrate that the "arbitration clause in a concededly binding contract applies to a particular type of controversy." *Howsam*, 537 U.S. at 84; *see also Phillips*, 173 F.3d at 938 (the court also asks whether "the specific dispute falls within the substantive scope of that agreement."). Here, the Arbitration Agreement describes a "dispute" subject to arbitration as follows:

> **B. Dispute:** The term "Dispute" means any action, dispute, claim, or controversy of any kind arising out of, in connection with or in any way related to the Contract, the sale of the Vehicle, financing, contracts, origination, servicing, service agreements, collection, reporting, or any other aspect whatsoever of the past, present, or future relationship or conduct of the Parties. The term "Dispute," includes without limitation: claims under federal or state consumer protection laws; claims in tort or contract; claims under statutes or common law; claims at law or in equity; other past, present or future claims, counterclaims, cross-claims, third party claims, interpleaders or otherwise; and any claim relating to the interpretation, applicability, enforceability or formation of this arbitration agreement, including, but not limited to, any claim that all or any part of this arbitration agreement, except paragraph F, is void, voidable or unconscionable.

As set forth above, Plaintiff's claim arises under the FCRA, a "federal consumer protection law," and accuses Defendant of improper conduct in its "reporting" of certain "financing" information to a credit agency. As such, the court finds the Plaintiff's claim falls under the definition of a "dispute" and concludes Defendant has met its burden to demonstrate the current dispute falls within the substantive scope of the Arbitration Agreement. Therefore, the court grants Defendant's motion to compel arbitration.

Defendant contends that, should the court compel arbitration, the Complaint "should be

9

dismissed" for "improper venue pursuant to Fed. R. Civ. P. 12(b)(3)." The court disagrees; the applicable law, including that in the Federal Arbitration Act ("FAA"), contemplates a stay, rather than a Rule 12(b) dismissal, of an action pending arbitration. *See Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004) ("To further facilitate arbitration, the FAA authorizes a party to an arbitration agreement to demand a stay of proceedings in order to pursue arbitration, 'provid[ed] the applicant for the stay is not in default'" of that right.") (citing 9 U.S.C. § 3); *see also Noe v. City Nat'l Bank of W. Va.*, 828 F. App'x 163, 166 (4th Cir. 2020) ("the district court should have treated the Bank's motion [to dismiss] as a motion to stay the litigation and compel arbitration.") (citing *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (suggesting that a motion to dismiss in favor of arbitration should be treated as a motion to stay litigation and compel arbitration).

## IV.  Conclusion

In sum, Defendant has failed to demonstrate that Plaintiff's claim, as alleged, is barred by the statute of limitations; thus, Defendant's motion is DENIED IN PART with respect to its request for dismissal pursuant to Rule 12(b)(6). However, the court concludes that Defendant has met its burdens to show that the Arbitration Agreement set forth in the Sales Agreement is valid and that the current dispute falls within the scope of the Arbitration Agreement; consequently, Defendant's motion is GRANTED IN PART with respect to its request for an order compelling arbitration. The proceedings of this case are STAYED pending disposition by arbitration. The parties are DIRECTED to proceed through the arbitration process in accordance with the terms of the Arbitration Agreement and to file a joint status report within ninety days of the date of this order, every ninety days thereafter, and within fourteen days after completion of arbitration, providing a summary of the status of arbitration proceedings.

10

Case 5:20-cv-00669-M   Document 24   Filed 06/16/21   Page 10 of 11

In light of the court's determination to compel arbitration in this case, Plaintiff's motions seeking discovery of the Defendant's "records" are DENIED WITHOUT PREJUDICE to the Plaintiff's ability to re-file the motions, if necessary, in the arbitration proceeding.

SO ORDERED this 16th day of June, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE