IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CV-00669-M

DARRYL C. HARRIS,

    Plaintiff,

v.

**ORDER**

PIEDMONT FINANCE CNAC,

    Defendant.

This matter is before the court on the Plaintiff's failure to respond to the court's Order to Show Cause why this court should not dismiss his claims for failure to prosecute. DE 34. On October 20, 2021, Defendant notified the court that "the parties resolved this matter and the matter is closed as settled by the American Arbitration Association." DE 27. The next day, the court issued an order directing the parties to file dismissal papers on or before November 19, 2021. DE 28. Subsequently, the court granted two requests by Defendant for extension of the dismissal deadline; the most recent deadline passed on January 4, 2022. DE 30-33. The docket reflects that at least one mailing from the court to the Plaintiff was returned on November 10, 2021, as "undeliverable" (DE 29), and Defendant informed the court that Plaintiff had not responded to requests for his execution of the dismissal paperwork (DE 30, 32).

On February 3, 2022, the court issued an order directing Plaintiff to show cause in writing on or before February 28, 2022, why the court should not dismiss this case for his failure to prosecute. DE 34. The court warned the Plaintiff that, if he failed to comply with this order, the court might dismiss his claims without prejudice and close the case without further notice. *See id.* Plaintiff has not responded and, otherwise, has not prosecuted this action.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for failure to prosecute, comply with the rules, or comply with a court order. "The authority of a court to

dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotations omitted); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing the same).

Four criteria guide a district court's discretion in dismissing a case under Rule 41(b). The court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625. First, the Plaintiff has demonstrated a lack of personal responsibility by failing to respond to a court order. That alone has been deemed sufficient to dismiss a case for failure to prosecute. *See, e.g., Attkisson*, 925 F.3d at 625 ("This Court has previously upheld an involuntary dismissal under Rule 41(b) where the plaintiff 'failed to respond to a specific directive from the [trial] court.'"); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant."); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("Had petitioner failed to comply with a scheduling order or pay a filing fee established by a court of appeals, that court could certainly dismiss the appeal."). This court's Order to Show Cause expressly directed the Plaintiff to respond in writing and warned that if he did not, the case may be dismissed. DE 34.

Second, the prejudice to the Defendant is appreciable; the court has been informed that the parties reached a resolution in October 2021, but Plaintiff's claims against the Defendant remain pending in this case and Defendant has been required to respond to the court's orders and attempt to locate and confer with Plaintiff. Third, the Plaintiff not only failed to respond to this court's Order to Show Cause but has not notified the court or Defendant of any changes in his contact information. Fourth, due to the court's

2

inability to contact the Plaintiff at this time, the court finds any sanction less drastic than dismissal would be neither effective nor appropriate. Nevertheless, the court will dismiss the case without prejudice.

Therefore, because Plaintiff has failed to respond to this court's order or demonstrate good cause for his failure to do so, this case is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is DIRECTED to close this case.

SO ORDERED this 7th day of March, 2022.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE